## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBYN WRIGHT,

  Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., TRANSUNION LLC, CONTRACT
CALLERS, INC., LVNV FUNDING LLC and
SEQUIUM ASSET SOLUTIONS, LLC,

  Defendants.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBYN WRIGHT (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANSUNION LLC (hereinafter "TransUnion"), CONTRACT CALLERS, INC. (hereinafter "Contract Callers"), LVNV FUNDING LLC (hereinafter "LVNV") and SEQUIUM ASSET SOLUTIONS, LLC (hereinafter "Sequium") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and TransUnion are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. §1331.

7.      The Plaintiff is a natural person and resident of Sarasota County, in the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Equifax is a corporation headquartered in the State of Georgia, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

2

9.     Equifax is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

10.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11.     Experian is a corporation headquartered in the State of California, authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

12.     Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

13.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

14.     TransUnion is a corporation headquartered in the State of Illinois, authorized to do business in the State of Florida through its registered agent, The Prentice-Hall Corporation System, Inc., located at 1201 Hays Street, Tallahassee, Florida 32301.

15.     TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681a(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

16.     TransUnion disburses such consumer reports to third parties under contract

for monetary compensation.

17.     Contract Callers is a corporation headquartered in the State of Georgia, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

18.     Contract Callers is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

19.     Contract Callers is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

20.     Contract Callers is a corporation attempting to collect an alleged obligation which arises out of personal, family or household transactions.

21.     Contract Callers is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

22.     LVNV is a corporation headquartered in the State of Nevada, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

23.     LVNV is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.     LVNV is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

25.     LVNV is a corporation attempting to collect an alleged obligation which arises out of personal, family or household transactions.

26.     LVNV is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

27.     Sequium is a corporation headquartered in the State of Georgia, authorized to do business in the State of Florida through its registered agent, Registered Agent

4

Solutions, Inc., located at 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.

28.     Sequium is a "furnisher of information" as that term is used in 15 U.S.C. §
1681s-2.

29.     Sequium is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

30.     Sequium is a corporation attempting to collect an alleged obligation which
arises out of personal, family or household transactions.

31.     Sequium is a corporation that was attempting to collect an alleged consumer
debt from Plaintiff.

## FACTUAL ALLEGATIONS

32.     Plaintiff is a natural person who is alleged to owe a debt to Contract Callers,
LVNV and Sequium.

**Equifax Disputes:**

33.     On or about May 11, 2020, Plaintiff checked her Equifax credit report
(Report Confirmation 0632986772) and to her surprise, she found three collection accounts
that did not belong to her.

34.     Upon discovering these delinquent collections accounts on her credit report,
in or about May of 2020, Plaintiff disputed the Contract Callers, LVNV and Sequium
accounts directly with Equifax, indicating that these accounts did not belong to her and that
these accounts should be removed from her credit.

35.     In the aforementioned dispute letter, Plaintiff provided Equifax with her
social security number, Florida driver's license number, date of birth and current address.
Plaintiff mailed this dispute letter to Equifax through certified mail number 7019 1640
0002 0904 1190.

36.     Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

37.     Due to not receiving any response from Equifax, in or about June of 2020, Plaintiff disputed the Contract Callers, LVNV and Sequium accounts again with Equifax, indicating that these accounts did not belong to her and that these accounts should be removed from her credit.

38.     In the aforementioned dispute letter, Plaintiff provided Equifax with her social security number, Florida driver's license number, date of birth and current address. Plaintiff mailed this dispute letter to Equifax through certified mail number 7019 1640 0002 0904 1213.

39.     Despite Equifax being provided all the relevant information, on or about June 14, 2020, Equifax responded to Plaintiff's disputes but did not provide any dispute results in violation of 15 U.S.C. § 1681i. Equifax simply told Plaintiff they received her dispute correspondence regarding LVNV and are processing the dispute and will not be conducting further investigation into this particular account at this time.

40.     On or about June 15, 2020, Plaintiff checked her Equifax credit report again (Confirmation # 0166022379). Plaintiff found that all three collection accounts were still appearing on her credit report.

41.     Feeling helpless, in or about July of 2020, Plaintiff mailed another written dispute letter to Equifax. Plaintiff disputed incorrect personal information, such as names and addresses, hard inquiries and accounts with Contract Callers, LVNV and Sequium accounts again with Equifax, indicating that these accounts did not belong to her and that

these accounts should be removed from her credit.

42.     In the aforementioned dispute letter, Plaintiff provided Equifax with a copy of her Florida Driver's license and social security card for easy verification of her identity. Plaintiff mailed this dispute letter to Equifax through certified mail number 7019 1640 0002 0904 1237.

43.     As the thirty day period to respond approached, Plaintiff had not received any response from Equifax and checked her credit report (Report Confirmation 0726348035). After a thorough review, Plaintiff found the Contract Callers and LVNV accounts were still being reported to her credit.

44.     Again, in or about August of 2020, Plaintiff mailed another written dispute letter to Equifax. Plaintiff disputed incorrect personal information, such as names and addresses, hard inquiries and accounts with Contract Callers and LVNV again with Equifax, indicating that these accounts did not belong to her and that these accounts should be removed from her credit.

45.     In the aforementioned dispute letter, Plaintiff provided Equifax with a copy of a bill from Ally showing her current address, Florida Driver's license and social security card for easy verification of her identity. Plaintiff mailed this dispute letter to Equifax through certified mail number 7020 0090 0000 9221 1786.

46.     Finally, on or about August 15, 2020, Plaintiff received a dispute response (Confirmation # 0205101440) from Equifax. Equifax properly corrected Plaintiff's name and address. However, Equifax stated "inquiries are a factual record of file access" in regards to Plaintiff's dispute of erroneous hard inquiries. Equifax also inaccurately "verified that this item" belonged to the Plaintiff, referring to the delinquent Contract

Callers and LVNV collections accounts. As a result, Equifax continued to report these delinquent collections accounts, despite the accounts having never belonged to the Plaintiff.

**Experian disputes:**

47. On or about May 11, 2020, Plaintiff checked her Experian credit report (partial report number 1861-566) and to her surprise, she found three collection accounts that did not belong to her.

48. Upon discovering these delinquent collections accounts on her credit report, in or about May of 2020, Plaintiff disputed the Contract Callers, LVNV and Sequium accounts directly with Experian, indicating that these accounts did not belong to her and that these accounts should be removed from her credit.

49. In the aforementioned dispute letter, Plaintiff provided Experian with her social security number, Florida driver's license number, date of birth and current address. Plaintiff mailed this dispute letter to Experian through certified mail number 7019 1120 0001 3781 0067.

50. On or about June 19, 2020, Plaintiff received a dispute response (Report # 2937-5208-88) from Experian. Experian inaccurately "verified as accurate" the Contract Callers, LVNV and Sequium collections accounts. As a result, Experian continued to report these delinquent collections accounts, despite the accounts having not belonged to the Plaintiff.

51. In or about June of 2020, Plaintiff checked her Experian credit report again to ensure that no changes had been made. Plaintiff found that all three collection accounts were still reporting, as well as incorrect names and addresses.

52. Due to the continued reporting of the fraudulent accounts; Plaintiff sent

another detailed dispute letter to Experian in or about July of 2020. Plaintiff disputed the incorrect names, address, hard inquiries and accounts with Contract Callers, LVNV, Sequium and third party Sunrise Credit Services directly with Experian, indicating that these accounts did not belong to her and that these accounts should be removed from her credit.

53.     In the aforementioned dispute letter, Plaintiff provided Experian with a copy of a bill from Ally showing her current address, Florida Driver's license and social security card for easy verification of her identity. Plaintiff mailed this dispute letter to Experian through certified mail number 7019 1640 0002 0904 1244.

54.     Experian failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

55.     Frustrated with no relief from Experian, Plaintiff mailed another written dispute letter to Experian in or about August of 2020. Plaintiff disputed the incorrect names, address, hard inquiries and accounts with Contract Callers, LVNV, Sequium and third party Sunrise Credit Services directly with Experian, indicating that these accounts did not belong to her and that these accounts should be removed from her credit.

56.     In the aforementioned dispute letter, Plaintiff provided Experian with a copy of a bill from Ally showing her current address, Florida Driver's license and social security card for easy verification of her identity. Plaintiff mailed this dispute letter to Experian through certified mail number 7020 0090 0000 9218 6893.

57.     To date, Experian has not provided any response to Plaintiff.

**TransUnion disputes:**

58.     In or about June of 2020, Plaintiff mailed a written dispute letter to TransUnion. Plaintiff disputed the reporting of three accounts with Contract Callers, LVNV and Sequium directly with TransUnion, indicating that these accounts did not belong to her and that these accounts should be removed from her credit

59.     In the aforementioned dispute letter, Plaintiff provided TransUnion with her social security number, Florida driver's license number, date of birth and current address. Plaintiff mailed this dispute letter to TransUnion through certified mail number 7019 1640 0002 0904 1282.

60.     On or about June 19, 2020, Plaintiff received a dispute response from TransUnion (351023451-013). TransUnion inaccurately "verified as accurate" the Contract Callers, LVNV and Sequium collections accounts. As a result, TransUnion continued to report these delinquent collections accounts, despite the accounts having not belonged to the Plaintiff.

61.     On or about June 23, 2020, Plaintiff obtained a copy of her TransUnion credit report (File Number 351023451). After a thorough review of her report, Plaintiff noticed numerous inaccuracies still reporting.

62.     Due to the continued reporting of the fraudulent accounts and information; Plaintiff sent another detailed dispute letter to TransUnion in or about July of 2020. Plaintiff disputed the incorrect telephone numbers, address, hard inquiries and accounts with Contract Callers, LVNV and Sequium directly with TransUnion, indicating that these accounts did not belong to her and that these accounts should be removed from her credit.

63.     In the aforementioned dispute letter, Plaintiff provided TransUnion with a copy of a bill from Ally showing her current address, Florida Driver's license and social

security card for easy verification of her identity. Plaintiff mailed this dispute letter to TransUnion through certified mail number 7019 1640 0002 0904 1251.

64.     Again, in or about August of 2020, Plaintiff mailed another written dispute letter to TransUnion. Plaintiff disputed incorrect personal information, such as telephone numbers and an incorrect address, hard inquiries and accounts with Contract Callers, LVNV and Sequium again with TransUnion, indicating that these accounts did not belong to her and that these accounts should be removed from her credit.

65.     In the aforementioned dispute letter, Plaintiff provided TransUnion with a copy of a bill from Ally showing her current address, Florida Driver's license and social security card for easy verification of her identity. Plaintiff mailed this dispute letter to TransUnion through certified mail number 7020 0090 0000 9218 6909.

66.     Finally, on or about August 18, 2020, Plaintiff received a dispute response from TransUnion (351023451-022). TransUnion properly deleted the account with Sequium, corrected the name section and address section of Plaintiff's report. However, TransUnion did not address Plaintiff's dispute of the incorrect telephone numbers and hard inquiries. TransUnion also inaccurately "verified as accurate" the delinquent Contract Callers and LVNV collections accounts. As a result, TransUnion continued to report these delinquent collections accounts, despite the accounts having not belonged to the Plaintiff

67.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.     Monies lost by attempting to fix her credit.  Plaintiff spent money for
          postage to ensure the three credit reporting agencies received several
          letters.

ii.     Loss of time attempting to cure the error.  Plaintiff spent numerous hours writing, gathering documents and mailing the dispute letters;

iii.    Mental anguish, stress, aggravation, embarrassment, and other related impairments to the enjoyment of life.

iv.     Significant drop of my credit score as the CRAs allowed three delinquent, fraudulent, collection accounts to appear on my credit.

68.     All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
**(Violation of 15 U.S.C. § 1681e(b) - As to Defendant,
Equifax Information Services LLC)**

69.     The Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) as if fully set out herein.

70.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing several disputes, Equifax refused to do any independent investigation.

71.     As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress and mental and emotional pain.

72.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Equifax failed to properly conduct any independent investigation regarding the erroneous reporting. Equifax failed to attempt to communicate or do a simple research of the evidence

12

presented by Plaintiff.

73.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of 15 U.S.C. § 1681i - As to Defendant, Equifax Information Services LLC)

74.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully set out herein.

75.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. Equifax verified fraudulent accounts to Plaintiff without conducting any independent investigation. Equifax simply sent an ACDV to Contract Callers and LVNV and parroted back the incorrect verification of the fraudulent accounts.   Plaintiff provided a lot of individual facts that if properly investigated, would have allowed Equifax to suppress the erroneous accounts. Plaintiff never had an account with Gas south (only with FPL) as collected by Contract Callers.   Gas south is Atlanta utility provider and Plaintiff never lived in Georgia.

Equifax also reported an collections account for ATT U Verse, when I have never had ATT, only Verizon and Xfinity.

76.    Equifax violated 15 U.S.C § 1681i(a)(6)(A) by failing to send a response to Plaintiff regarding the outcome of her dispute.

77.    As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

78.    Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

79.    The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### (Violation of 15 U.S.C. § 1681e(b) - As to Defendant,
### Experian Information Solutions, Inc.)

80.    The Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) as if fully set out herein.

81.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing several disputes, Experian refused to do any independent investigation. Plaintiff provided a lot of individual facts that if properly investigated, would have allowed Experian to suppress the erroneous accounts. Plaintiff never had an account with Gas south (only with FPL) as collected by Contract Callers. Gas south is Atlanta utility provider and Plaintiff never lived in Georgia. Plaintiff never had an account with Credit One bank. She never applied nor received a benefit from Credit One. Yet, Experian allowed LVNV funding to continue to report a collections account. Experian also reported an collections account for ATT U Verse, when I have never had ATT, only Verizon and Xfinity.

82.    As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress and mental and emotional pain.

83.    Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting. Experian failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

84.    The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem

just and proper.

### COUNT IV
### (Violation of 15 U.S.C. § 1681i - As to Defendant, Experian Information Solutions, Inc.)

85.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully set out herein.

86.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. Experian verified fraudulent accounts to Plaintiff without conducting any independent investigation. Experian simply sent an ACDV to Contract Callers, LVNV and Sequium and parroted back the incorrect verification of the fraudulent accounts.  Plaintiff provided a lot of individual facts that if properly investigated, would have allowed Experian to suppress the erroneous accounts.  Plaintiff never had an account with Gas south (only with FPL) as collected by Contract Callers.  Gas south is Atlanta utility provider and Plaintiff never lived in Georgia. Plaintiff never had an account with Credit One bank.  She never applied nor received a benefit from Credit One.  Yet, Experian allowed LVNV funding to continue to report a collections account.   Experian also reported an collections account for ATT U Verse, when I have never had ATT, only Verizon and Xfinity.

87.     Experian violated 15 U.S.C § 1681i(a)(6)(A) by failing to send a response to Plaintiff regarding the outcome of her dispute.

88.     As a result of this conduct, action and inaction of Experian, the Plaintiff

suffered damage by stress and mental and emotional pain.

89.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

90.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### (Violation of 15 U.S.C. § 1681e(b) - As to Defendant, TransUnion LLC)

91.     The Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) as if fully set out herein.

92.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow  reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing several disputes, TransUnion refused to do any independent investigation.

93.     As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by stress and mental and emotional pain.

94.     TransUnion's conduct, action, and inaction was willful, rendering it liable

for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. TransUnion failed to properly conduct any independent investigation regarding the erroneous reporting. TransUnion failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

95.    The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANSUNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT VI
### (Violation of 15 U.S.C. § 1681i - As to Defendant, TransUnion LLC)

96.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully set out herein.

97.    TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. TransUnion verified fraudulent accounts to Plaintiff without conducting any independent investigation. TransUnion simply sent an ACDV to Contract Callers, LVNV and Sequium and parroted back the incorrect verification of the fraudulent accounts.  Plaintiff provided a lot of

individual facts that if properly investigated, would have allowed Trans Union to suppress the erroneous accounts.  Plaintiff never had an account with Gas south (only with FPL) as collected by Contract Callers.  Gas south is Atlanta utility provider and Plaintiff never lived in Georgia.  Plaintiff never had an account with Credit One bank.  She never applied nor received a benefit from Credit One.  Yet, Trans Union allowed LVNV funding to continue to report a collections account.   Trans Union also reported an collections account for ATT U Verse, when I have never had ATT, only Verizon and Xfinity.

98.     As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

99.     TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

100.     The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TRANSUNION LLC, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT VII
### (Violation of 15 U.S.C. § 1681s-2(b) - As to Defendant, Contract Callers, Inc.)

101.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-

eight (68) above as is fully stated herein.

102.    Contract Callers published the delinquent collections account to Equifax, Experian and TransUnion and through Equifax, Experian and TransUnion to all of Plaintiff's potential lenders on multiple occasions.

103.    Contract Callers violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the Contract Callers collections account; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Contract Callers collections account to the consumer reporting agencies. Plaintiff provided all the information necessary for Contract Callers to have identified that Plaintiff never received service from the original creditor.

104.    Contract Callers violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and TransUnion after Contract Callers had been notified that the information was inaccurate. Contract Callers has been aware of Plaintiff's dispute for several months but continued to erroneously report.

105.    Contract Callers violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and TransUnion that Contract Callers knew was inaccurate.

106.    Contract Callers did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported. It also had evidence that the Plaintiff was not the responsible party. Contract Callers knowingly chose to follow procedures which did

not review, confirm or verify who the responsible party was for the debt in question. Further, even if Contract Callers would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

107.     As a result of this conduct, action and inaction of Contract Callers, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and embarrassment of poor credit. Plaintiff had no collection accounts on her credit, with exception to the other incorrect collection accounts.

108.     Contract Callers' conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CONTRACT CALLERS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT VIII
### (Violation of 15 U.S.C. § 1681s-2(b) - As to Defendant, LVNV Funding LLC)

109.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-eight (68) above as is fully stated herein.

110.     LVNV published the delinquent collections account to Equifax, Experian and TransUnion and through Equifax, Experian and TransUnion to all of Plaintiff's potential lenders on multiple occasions.

111.    LVNV violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the LVNV collections account; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the LVNV collections account to the consumer reporting agencies. Plaintiff provided all the information necessary for LVNV to have identified that Plaintiff never received service from the original creditor.

112.    LVNV violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and TransUnion after LVNV had been notified that the information was inaccurate. LVNV has been aware of Plaintiff's dispute for several months but continued to erroneously report.

113.    LVNV violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and TransUnion that LVNV knew was inaccurate.

114.    LVNV did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported. It also had evidence that the Plaintiff was not the responsible party. LVNV knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if LVNV would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

115.    As a result of this conduct, action and inaction of LVNV, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and embarrassment of poor credit.

Plaintiff had no collection accounts on her credit, with exception to the other incorrect collection accounts.

116.    LVNV's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LVNV FUNDING LLC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

<u>**COUNT IX**</u>
**(Violation of 15 U.S.C. § 1681s-2(b) - As to Defendant,**
**Sequium Asset Solutions, LLC)**

117.    Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-eight (68) above as is fully stated herein.

118.    Sequium published the delinquent collections account to Equifax, Experian and TransUnion and through Equifax, Experian and TransUnion to all of Plaintiff's potential lenders on multiple occasions.

119.    Sequium violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Sequium collections account; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Sequium collections account to the

consumer reporting agencies. Plaintiff provided all the information necessary for Sequium to have identified that Plaintiff never received service from the original creditor.

120.     Sequium violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and TransUnion after Sequium had been notified that the information was inaccurate. Sequium has been aware of Plaintiff's dispute for several months but continued to erroneously report.

121.     Sequium violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and TransUnion that Sequium knew was inaccurate.

122.     Sequium did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported. It also had evidence that the Plaintiff was not the responsible party. Sequium knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Sequium would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

123.     As a result of this conduct, action and inaction of Sequium, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and embarrassment of poor credit. Plaintiff had no collection accounts on her credit, with exception to the other incorrect collection accounts.

124.     Sequium's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SEQUIUM ASSET SOLUTIONS, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 983-2889
Primary Email: TGomez@ForThePeople.com
Secondary: DGagliano@ForThePeople.com
*Attorney for Plaintiff*